IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | No. SA-12-CR-642-XR |
| | § | |
| OMAR JOSE CALZADA, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**ORDER**

On this day, the Court considered Defendant's motion to reconsider this Court's order denying his motion to suppress. Doc. No. 105. After careful consideration, the motion is DENIED.

**DISCUSSION**

On March 18, 2013, this Court entered a written order denying Defendant Omar Jose Calzada's motion to suppress. Doc. No. 62. In its order, the Court relied on two alternative grounds to deny the motion. First, the Court held that the good faith exception to the exclusionary rule applied. *Id.* at 12-13. Although not ultimately necessary to its resolution of the motion, the Court then found that the warrant was supported by probable cause. *Id.* at 20. As part of this analysis, the Court declined to take a position on whether Detective Culp's binocular search through the cracks in the shade of a window constituted an illegal search. Instead, the Court found that based upon information provided by a citizen informant, records

of abnormal electricity usage, and the odor of marijuana, probable cause existed to search the home. *Id.*

Defendant now asserts that, if the binocular search was illegal, then under the independent source doctrine the government would bear the burden of showing that the illegal search did not "affect or motivate" the officer's decision to procure a search warrant. Doc. No. 105 (citing *United States v. Restrepo*, 966 F.2d 964, 969 (5th Cir. 1992)). Accordingly, Defendant contends that this Court must address the legality of the binocular search before it can assure itself that the warrant was valid under the independent source doctrine. *Id.* Whether a warrant is valid under the independent source doctrine requires a two-step analysis. First the Court asks whether the "warrant affidavit, when purged of tainted information gained through the initial illegal entry, contain sufficient remaining facts to constitute probable cause." *United States v. Hassan*, 83 F.3d 693, 697 (5th Cir. 1996) (citing *Restrepo*, 966 F.2d at 969). The Court has already answered this question in the affirmative. *See* Doc. No. 62. However, for the independent source doctrine to apply, the Court must also engage in a factual inquiry regarding whether the illegal search motivated the decision to obtain the search warrant. *Hassan*, 83 F.3d at 697 (internal citations omitted). Assuming, for the sake of argument only, that the binocular search was illegal, Defendant appears to be correct that further factual development would be necessary before the Court could conclude that the independent source doctrine applied to render the warrant valid.

However, this analysis is not necessary to resolution of this motion because the Court has already concluded that the good faith exception applies. Doc. No. 62. at 12-13. If the good faith exception applies, it is not necessary for the Court to evaluate the probable cause

underlying the warrant.  *United States v. Froman*, 355 F.3d 882, 888 (5th Cir.2004); *United States v. Shugart*, 117 F.3d 838, 843 (5th Cir. 1997).   Defendant argues briefly that "an inevitable discovery analysis appears to prevent a finding of good faith and requires a straight up probable causes analysis."  Doc. No. 105 at 5.  The Court disagrees.  Defendant cites no support for the proposition that a good faith determination is contingent upon a finding that the warrant was valid based upon the independent source doctrine.  The two inquiries are distinct.  If found applicable to the facts of the case, the independent source doctrine renders a search warrant valid.  *See Murray v. United States*, 487 U.S. 533, 537 (1988).  In contrast, the good faith exception can apply even if the warrant is invalid. *See United States v. Leon*, 468 U.S. 897, 919–20 (1984).

The good faith exception applies when an officer's reliance on the warrant is "objectively reasonable." *Id.*  An officer is not "entitled to invoke the good faith exception if, among other things, the affidavit upon which the warrant is founded is 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable' and is thus a 'bare bones' affidavit. *United States v. Perry*, 442 F. App'x. 985, 987 (5th Cir. 2011) (citing *United States v. Mays*, 466 F.3d 335, 343 (5th Cir. 2006) (internal quotation marks and citation omitted); *see also United States v. Pope*, 467 F.3d 912, 916–17 (5th Cir. 2006).  A "bare bones" affidavit contains "wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause." P*erry*, 442 F. App'x at 987 (citing *United States v. Satterwhite*, 980 F.2d 317, 321 (5th Cir.1992)).  Just because an affidavit contains facts obtained through a (potentially) illegal search does not render it "bare bones" such that an officer's reliance thereupon cannot be deemed in good

faith. As a result, the Court reaffirms its prior holding that the police relied upon the search warrant in good faith and, accordingly, Defendant's motion to suppress must be denied. No further analysis of the legality of the binocular search is required.

## CONCLUSION

In light of the foregoing analysis, Defendant's motion to reconsider the Court's order denying his motion to suppress is DENIED. Doc. No. 105.

SIGNED this 22nd day of July, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE